IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Brett James Catoe, #296942, | ) | CIVIL ACTION NO. 9:12-3144-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Thomas E. Byrnes and John Pate, | ) | |
| Warden of Allendale CI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), asserts a medical claim against the named Defendants.

Contemporaneously with filing an answer in this case, the Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on the grounds that Plaintiff failed to file an expert affidavit with the filing of his Complaint as required by S.C. Code Ann. § 15-79-125, and  has also failed to exhaust his administrative remedies at the prison prior to filing this lawsuit.  Based on the current posture of this case, the Defendants' arguments are without merit, as is discussed more fully hereinbelow.  Therefore, this Report and Recommendation is being entered without the filing of a Roseboro order and prior to any response by the pro se Plaintiff.  However, as set forth in the conclusion section of this Report and Recommendation, Plaintiff should be required to supplement



and advise the Court and the Defendants regarding the exact nature of his claim in order to determine whether this case should be allowed to proceed in this Court.

First, this case has been docketed as a case asserting a claim for a violation of a constitutional right pursuant to 42 U.S.C. § 1983.  As such, S.C. Code Ann. § 15-79-125, which requires all plaintiffs asserting medical malpractice claims to comply with certain pre-litigation filing requirements, is not applicable and is not a basis for dismissal of Plaintiff's case, which in its current posture is before this Court as a claim of deliberate indifference to a serious medical need in violation of the United States Constitution, not as a medical malpractice claim.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990); see also DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care].

As for exhaustion, while 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted", it is the Defendants who have the burden of showing that Plaintiff failed to exhaust his administrative remedies.  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007).  To meet this burden where failure to exhaust is asserted as a defense, prison



officials typically submit some type of evidence, usually an affidavit from an Inmate Grievance Administrator and/or copies of any grievances, etc., to establish this defense. Cf. Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003)[Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not properly pursue his administrative remedies]. Here, however, Defendants have only filed a Rule 12 motion to dismiss in which counsel argues in a supporting memorandum that Plaintiff did not provide copies of any grievances with his Complaint, that the blank on the Complaint sheet which provides a place to list the grievance number was not filled out by the Plaintiff, and that there was also no evidence submitted of an appeal to the Administrative Law Court.[1] No evidence has been submitted.

Plaintiff alleges in the Complaint that he did file a grievance concerning the claim asserted in this case, but that the prison administrative remedy procedure does not provide for an award of monetary damages. See Complaint, Section II. No further information is provided. Since it is the Defendants who have the burden of showing failure to exhaust, and in the absence of any evidence to meet this burden, the Defendants are not entitled to dismissal of this lawsuit at this time based on a failure to exhaust argument. Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not

---

[1]Plaintiff is not required to appeal a grievance denying a medical claim to the South Carolina Administrative Law Court to exhaust his administrative remedies. Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n. 5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of Step 2 grievance exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court.]; Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).



evidence].

Finally, even though the Defendants are not entitled to dismissal of this case on the grounds asserted in their motion, a review of the allegations of the Complaint nevertheless calls into question the viability of this lawsuit in this federal court. In Section II of Plaintiff's Complaint, where he is asked "[w]hat are the issues that you are attempting to litigate in the above-captioned case?", Plaintiff writes "medical malpractice" and "negligence". These are not federal claims. Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]. Nor is there any basis from a plain reading of the Complaint from which diversity jurisdiction in this Court could be inferred. Therefore, while Plaintiff could pursue malpractice and/or negligence claims in *state court*, he cannot do so in this United States District Court.

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **denied**, without prejudice. Further, in response to this Report and Recommendation, **Plaintiff shall advise the Court, in writing, as to whether or not he is asserting his medical claim against the named Defendants as a medical malpractice/negligence claim, or as a claim for violation of his constitutional rights under 42 U.S.C. § 1983**. If, in response to this directive, Plaintiff advises the Court that he is pursuing this matter as a constitutional claim, then this case should be allowed to proceed in this Court.[2] If, however, Plaintiff advises the Court that he is asserting a medical malpractice/negligence claim (or in the event Plaintiff fails to respond to this directive),

---

[2]Defendants may still assert their failure to exhaust defense; however, if they file a renewed motion seeking dismissal on this basis, they will be required to submit some *evidenc*e to support this argument. See Discussion, supra.



then it is recommended that this case be **dismissed**, without prejudice.  Plaintiff may then pursue

his medical claims in state court, if he chooses to do so.

   The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 29, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

