IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brett James Catoe, | C/A No.: 9:12-3144-JFA-BM |
| Plaintiff, | |
| v. | ORDER |
| Thomas E. Byrnes and John Pate, Warden of Allendale Correctional Institute, | |
| Defendants. | |

The *pro se* plaintiff, Brett James Catoe, brings this action pursuant to 42 U.S.C. § 1983. The plaintiff contends that the defendants violated his constitutional rights by denying him proper medical care in connection with treatment he received for an ear infection while he was incarcerated at the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein he suggests that this court should grant the defendants' motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion with his own motion for summary judgment which the defendants oppose.

1

on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation which was filed on August 2, 2013. As of the date of this order, neither party has filed objections and the deadline has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As an initial matter, the Magistrate Judge correctly suggests that defendant John Pate is entitled to dismissal because the plaintiff has made no factual allegations whatsoever concerning John Pate, alleged to be the Warden of Allendale Correctional Institution..

With regard to defendant Dr. Byrnes, the Magistrate Judge opines that the plaintiff has failed to submit any evidence to create a genuine issue of fact as to whether Dr. Byrnes was deliberately indifferent to plaintiff's serious medical needs. Dr. Byrnes has submitted affidavits and medical records which refute the plaintiff's claims. Plaintiff's own opinion that his medical care was inadequate or improper is not by itself sufficient to avoid summary judgment. Moreover, as the Magistrate Judge notes, the plaintiff cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 30) is granted.

The plaintiff's motion for summary judgment (ECF No. 35) is denied.

IT IS SO ORDERED.

September 3, 2013                                Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge